IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| vs. | * | CASE NO. 5:01-CR-27 HL |
| LARRY GREEN, | * | |
| Defendant. | * | |

**REPORT AND RECOMMENDATION**

By Indictment returned in this court on April 5, 2001, Defendant Green was charged with three Counts of Sale of Cocaine Base, a/k/a "Crack Cocaine," and one Count of Possession of Cocaine Base with Intent to Distribute, all in violation of 18 U.S.C.§ 841(a)(1), (R1-1) and each carrying a penalty of a mandatory minimum of 10 years to a life sentence under 18 U.S.C. § 841(b)(1)(B)(iii) in conjunction with 21 U.S.C. § 851. The Indictment also charged the commission of a conspiracy in connection with the drug offenses in violation 18 U. S. C. § 2, alleging that Green, "aided and abetted by other persons, both known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally distribute a Schedule II controlled substance ....cocaine base, also known as 'crack cocaine.'"

At the conclusion of a jury trial on December 5, 2001, Defendant Green was convicted on two of the Counts of Sale of Cocaine Base and on the Count charging Possession of Cocaine Base. (R1-25). On March 7, 2002, subsequent to the preparation and report of a Pre-Sentence Investigation (PSI), Defendant Green was sentenced by the court to a term of 360 months imprisonment on each of the Counts on which Green was convicted, with the sentences to run concurrently. (R1-31,48-8). Defendant appealed to the Eleventh

Circuit Court of Appeals which affirmed his convictions and sentences on September 18, 2002. (R1-42). Defendant did not seek *certiorari* of the decision of the Eleventh Circuit Court from the United States Supreme Court. However, on August 19, 2003, he timely filed a collateral attack on his sentence by Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (R1-43). The district court denied Green's § 2255 Motion on March 31, 2004. (R1-55). Green filed a notice of appeal, but was refused a Certificate of Appealability by both the district court and the Eleventh Circuit Court of Appeals on the finding of failure to make a substantial showing of the denial of a constitutional right. (R1-59, 62).

On November 12, 2008, Green filed a "Motion For Relief From Judgment Pursuant To Rule 60(b)(6), F.R.Cv.P." (R1-85). This is the motion presently under consideration. In this Rule 60(b) motion, Green asserts as grounds for relief from his criminal judgment and sentence that, while the Grand Jury indicted him for violation of 21 U.S.C. § 841(a)(1), 21 U. S. C. § (b)(1)(B)(iii), and 18 U. S. C. § 2, the trial court, when instructing the jury on Counts One through Four of the Indictment, did not mention any reference to aiding and abetting (U. S. C. § 2) in the instructions, nor the element of intent to aid and abet. *Id.* at 5.[1] This claim is made here for the first time in Green's criminal proceedings. Green does not

---

[1] Green contends that he is entitled to relief from his criminal judgement and sentence because he was not convicted of aiding and abetting. He relies upon a gross misinterpretation of *United States v. Martin,* 747 F.2d 1404 (11th Cir. 1984), which, contrary to his contention, held that 18 U. S. C. § 2 does not establish a separate crime of aiding and abetting, but rather an alternative charge, and jury instructions on aiding or abetting were not justified where undisputed evidence showed that the only other persons that defendant could have aided or abetted were persons not committing any principal offense. *Id.* at 1407, 1408.

2

address the denial of his § 2255 Motion denied on March 31, 2004. (R1-55). Green is challenging his original criminal judgment of conviction and sentence in this action.

### **Rule 60(b) Motions**

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts." Fed.R.Civ.P. 1. Rule 60(b) provides that "the court may relieve a party ... from a final judgment, order, or proceeding ... [for] any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). However, Rule 60(b) does not provide for relief from judgment in a criminal case. *United States v. Fair,* 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Mosavi,* 138 F.3d 1365, 1366 (11th Cir. 1998). In some limited circumstances, Rule 60(b) can provide relief from an earlier denial of a § 2255 petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 533-36, 125 S.Ct. 2641, 2648-50 (2005). In other circumstances, a Rule 60(b) motion is treated as a second or successive habeas corpus petition and is therefore subject to the procedural requirements of the Antiterrorism and effective Death Penalty Act of 1996, 110 Stat. 1214 (1996). *See Felker v. Turpin,* 101 F.3d 647, 661 (11th Cir. 1996); *Altman v. United States,* 271 Fed. Appx. 944, 945 (2008).

To the extent that Green is attempting to challenge his underlying criminal judgment in a collateral manner, his motion is subject to the restrictions for second and successive § 2255 motions. *See Gonzalez v. Sec'y for Dep't of Corrections,* 366 F.3d 1253, 1284 (11th Cir. 2004). To the extent that Green's motion challenges his underlying conviction and sentence, the general rule is well-established that a collateral attack upon a federal conviction

and sentence must be brought pursuant to § 2255. *Birdsell v. Alabama,* 834 F.2d 920, 922 & n.5 (11th Cir. 1987). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States,* 33 F.3d 1211, 1216 (11th Cir. 2003); *United States v. Nyhuis,* 211 F.3d 1340, 1344 n.4 (11th Cir. 2000). The district court has no jurisdiction to consider a second or successive § 2255 motion without leave from the United States Court of Appeals for the Eleventh Circuit. 28 U. S. C. § 2255; 28 U. S. C. § 2244(b)(3)A). Because Green's Rule 60(b) motion is not seeking reconsideration of the order denying habeas corpus relief on a non-merits ground, the Supreme Court's decision in *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641 (2005), is not implicated here, and the district court does not have subject-matter jurisdiction to grant Green's Rule 60(b) motion. *See United States v. George,* 188 F.3d 926, 927 (11th Cir. 2006).

**WHEREFORE, IT IS RECOMMENDED** that Green's Rule 60(b)(6) Motion For Relief From Judgment be DISMISSED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 12th day of January 2009.

                **S/ G. MALLON FAIRCLOTH**
                **UNITED STATES MAGISTRATE JUDGE**